STATE OF MAINE                                 SUPERIOR COURT
CUMBERLAND, ss.                                CIVIL ACTION
                                               DOCKET NO: AP-07-042

HENRY GREEN,

                    Petitioner,
                                               ORDER ON
        v.                                     80C APPEAL

                                        DONALD L. GARBRECHT
SECRETARY OF STATE,                                  LAW LIBRARY

                    Respondent.                    JUN 19 2008


This case comes before the Court on Petitioner Henry Green's appeal of a

governmental action pursuant to M.R. Civ. P. 80C.

## FACTUAL AND PROCEDURAL BACKGROUND

The events in this case arise from an April 9, 2007 automobile accident.

On that date, Petitioner Henry Green (Mr. Green) was arrested by Cumberland

County Sheriff's Office Deputy Marc Marion (Deputy Marion) for operating a

motor vehicle while under the influence of alcohol (OUI).

It is undisputed that, on April 9, 2007, Mr. Green was returning to his

home from a bar called Memory Lane. Nor is it disputed that the truck he was

riding in spun out of control and ended up in a snowy ditch. What is disputed is

whether or not Mr. Green was operating the vehicle.[1]

Subsequent to his arrest Mr. Green's license was suspended by

Respondent Bureau of Motor Vehicles (BMV) for a period of four years. At Mr.

Green's request, on June 18, 2007, a full testimonial hearing was held to contest

---

[1] Mr. Green submitted to a field sobriety test and, after arrest, to a breath test that
resulted in a .17 blood alcohol level. The issue of Green's sobriety was not contested at
hearing.

1

the validity of the license suspension (Hearing). At the Hearing, the hearing officer upheld the BMV suspension. Mr. Green now appeals that decision asserting that the BMV failed to put forth sufficient evidence to support a license suspension. Specifically Mr. Green asserts that the BMV failed to show that, by a preponderance of the evidence there was probable cause to believe that Mr. Green was operating the motor vehicle at the time of the accident.

## DISCUSSION

### I. Standard of Review

The Court may only reverse or modify an administrative agency's decision if it is based upon "bias or error of law," is "unsupported by substantial evidence on the whole record," is "arbitrary and capricious," or involves an "abuse of discretion" by the agency. 5 M.R.S.A. § 11007(4)(C)(4)-(6). According to the Law Court, the power to review decisions of the Commission is confined to an examination of "whether the Commission correctly applied the law and whether its fact findings are supported by any competent evidence." *McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n*, 1998 ME 177, ¶ 6, 714 A.2d 818, 820.

Additionally, the Court cannot "substitute its judgment for that of the agency on questions of fact." 5 M.R.S.A. § 11007(3). "[F]actual findings must be affirmed unless clearly erroneous." *Green v. Comm'r of the Dep't of Mental Health, Mental Retardation and Substance Abuse Svcs.*, 2001 ME 86, ¶ 9, 776 A.2d 612, 615 (citation omitted). "[U]nless the record before the Commission compels a contrary result," the Court will uphold the agency decision. *McPherson*, 1998 ME 177, ¶ 6, 714 A.2d at 820. Finally, "the burden of proof clearly rests with the

2

party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982).

## II. Was the Decision of the Hearing Officer Unsupported by Substantial Evidence on the Whole Record?

In order to lawfully suspend Mr. Green's license, the BMV must show that Mr. Green 1) operated a motor vehicle with an excessive blood-alcohol level; and 2) there was probable cause to believe that the person was operating a motor vehicle with an excessive blood-alcohol level. 29-A M.R.S. § 2453(8) (2007). Mr. Green requests a reversal of the decision of the hearing officer of the BMV, suspending his license for four years, because he asserts that the decision is unsupported by substantial evidence on the whole record that he was driving a motor vehicle when he was arrested by Deputy Marion. *See* 5 M.R.S.A. § 11007(4)(C)(5).

When the court is asked to reverse a decision of an administrative agency pursuant to section 11007(4)(C)(5), the court examines "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Aviation Oil Co. v. Dep't of Envtl. Prot.*, 584 A.2d 611, 614 (Me. 1990) (citations omitted).

At the Hearing Mr. Green offered his own testimony, and that of Mr. Ben Taylor corroborating a version of the April 9, 2007 events, that were substantially different from Mr. Green's statements to Deputy Marion made on the night of the accident.[2] At the Hearing, Mr. Green asserted that Mr. Taylor was the driver

---

[2] On the night of the accident, Mr. Green told Deputy Marion that he had been at Memory Lane and met, for the first time, a man named "Jeff" with whom he played pool and had some alcoholic beverages. Mr. Green further stated that, because he was "too hammered to drive" he let Jeff drive. Jeff subsequently lost control of the truck and

3

of the truck and that Mr. Taylor left the scene immediately after the accident because he was a minor and there was open alcohol in the truck. Both Mr. Green and Mr. Taylor testified that a "Jeff" was following the truck in a dark sedan and that "Jeff" drove Mr. Taylor from the accident site. Neither Mr. Green nor Mr. Taylor could provide a last name for "Jeff," who allegedly moved to New Hampshire the day after the accident. The hearing officer did not find the testimony credible.

In contrast the hearing officer did find the testimony of Deputy Marion credible. Deputy Marion reiterated the findings from his April 9 report. He testified that he found one set of footprints in the snow leading from the driver's side of the truck and, after comparing the footprints to Mr. Green's shoes, found that they matched. There was no evidence of any other passengers in the truck and no one saw another car. There is also evidence in the record indicating a witness who reported that Mr. Green was alone in the parking lot of the Memory Lane prior to the accident: a detail that contradicted Mr. Green's version of events. Officer Marion concluded that Mr. Green had been driving the truck alone, and that he had driven the truck into the ditch.

Based on the evidence in the record, the hearing officer concluded that Mr. Green more likely than not drove his truck into the ditch. The issue of Mr. Green's blood-alcohol level was not appealed. Accordingly, the hearing officer affirmed the suspension of Mr. Green's drivers license.

Based on all of the testimony and exhibits before this Court, and deferring to the hearing officer's credibility assessment, this Court cannot say that the

---

drove it into a ditch. Before the rescue vehicles arrived, Jeff was picked up by a dark colored grand am and driven away. Mr. Green then reported that he got into the truck and attempted to drive it out of the ditch.

hearing officer's fact finding was clearly erroneous, that there was insufficient evidence upon which he made his determination or that the record compels a different result.

**Therefore, the entry is:**

Petitioner's appeal is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _____ day of _____, 2008.

Roland A. Cole
Justice, Superior Court

5

Date Filed _08-08-07_      _CUMBERLAND_      Docket No. _AP-07-42_

County

Action __80C APPEAL__

HENRY GREEN                  SECRETARY OF STATE

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MARTIN J RIDGE ESQ | GWENDOLYN D THOMAS AAG |
| PO BOX 7044 | 6 STATE HOUSE STATION |
| PORTLAND ME 04112 | AUGUSTA ME 04333-0006 |
| (207)773-1751 | (207)626-8800 |